Next case for argument, United States v. Smart, Ms. Jackson. May it please the Court, Candace Jackson for Roy Smart. In this case, the district court imposed a substantial variance, a harsher sentence than either party or the probation office requested. There are three errors with the degree of the variance and the way it was imposed. First, the district court failed to consider the unwarranted sentencing disparities resulting from its significantly above guideline sentence. Second, the district court was required to, but did not provide any compelling justification to support a sentence 25 months above the guideline range the government asked for and 39 months above the probation office's recommendation, and more than double what we now see as the national average for similar offenders convicted of the same offense. Third, the district court abused its discretion by unreasonably relying on Mr. Smart's juvenile criminal record in considering the 3553A sentencing factors. And so for these reasons, we are asking that Mr. Smart's case be remanded for full resentencing. To begin with the first point, there's a mandate in 3553A-6. The district court shall consider unwarranted sentencing disparities. What the Supreme Court and what this circuit have explained is that this mandate is required for a meaningful appellate review and to promote the perception of fair sentencing. That's Rungall. So the court did not need to make factual findings about each factor, but the record should reveal that the factors were considered. There needs to be a certain amount of explanation on the record this circuit has explained so that this circuit, this court, can figure out whether the discretion was exercised and whether... Judge exhaustively explained why he was issuing an above-guideline sentence based on the significantly violent conduct in this case, which involved not just a generic possession of a firearm by a felon, but a pistol whipping and a beating, and a significant and violent criminal history, including two armed robberies and 20 arrests. I mean, there's ample explanation for the above-guideline sentence in this case. One point of clarification, in explaining its sentence, the district court did not refer to any violent or aggravating facts about Mr. Smart's sentence. So the district court did not refer to the allegations of pistol whipping. What the district court did do was exhaustively explain in using what we would call a bunch of synonyms, its reasons for imposing the sentence based on Mr. Smart's... Well, the judge was certainly aware of the surrounding conduct, and that this was not just a felon caught in possession of a weapon with nothing else going on, because the judge talked about his protracted criminal conduct of the most violent kind. The judge, in referring to the protracted criminal conduct and also Mr. Smart's background, his social history, those were references to Mr. Smart's criminal record. Right, and that this is a continuation of his pattern of violence. So the judge explained or said the guidelines do not, I'm quoting from the sentencing transfer, which is in the short appendix at 32. The guidelines do not adequately reflect the danger that this defendant represents to the community. The sentence I'm going to enter in this case is above the guideline range for the reasons I've just stated. He certainly explains that he's going to impose a substantial variance, but he does not explain what is required by this circuit, which is why a sentence 25 months above the guidelines is what's appropriate, as opposed to 5 months or 10 months or 15 months or 20 months above the guidelines. Gall says, and then this court's precedent after Gall, says the judge must consider and explain the extent of the deviation. There's nothing in the record to enable this court to determine why 25 months above the guideline range is more appropriate than some other amount. Everything the court said about Mr. Smart's background, it might very well support a sentence at the high end of the guidelines range, which is not even what the government was asking for. But there's nothing in the record to explain why it supports a sentence 25 months above that high end range. That's what's required. How do you suggest that the judge should have justified that? I think there are any number of ways, but the court could have said, I'm imposing a guideline sentence. I'm going to go not the high end. I'm not going to go 5, 10 or 15 or 20 months above the high end, but I'm going to go 25 months above the high end for all of these reasons and then supply reasons that do more than refer to Mr. Smart's criminal history. Like what? What would the judge have to say to justify this? My job as Mr. Smart's attorney was to suggest the reasons Mr. Smart deserved a sentence at what we were requesting. I understand that, but what are you saying the judge needed to say for this sentence to stick? This court doesn't give the judge specific language and never has. What this court has said is that the greater the variance, the more compelling the justifications need to be. Right, and this is a compelling criminal history of violence, which is why the judge went above the guidelines and the factors that he specifically relied on in going above the guidelines. Doesn't it speak for itself? In our view, no, for two reasons. One, there is actually nothing compelling about Mr. Smart's criminal history when he wasn't even in the highest or next to highest guideline range. The sentencing guidelines already counted. That's because a lot of it had occurred when he was a juvenile, right? Actually, if you even count the juvenile convictions that didn't count and the single adult conviction that didn't count, Mr. Smart would still be only in criminal history category 5, not even in criminal history category 6. So even if the judge had counted convictions that didn't get any points under the criminal history, Mr. Smart still would not have been in the highest criminal history category. So without more than the judge just referring to Mr. Smart's criminal history, our view is that doesn't rise to the compelling justifications that are required by this circuit. And we provided examples of cases in which this court provided compelling, found compelling justifications were supplied, and Mr. Smart's case looks nothing like those cases. We cited especially violent offense conduct from Vaughn and Lucas in 2012. The district court here didn't put anything on the record that suggests that his 25-month variance was based on allegations about offense conduct. This court has found compelling justifications in terms of victim suffering, large monetary losses. There was a case, Eason, where- I'm probably just repeating what Judge Sykes asked you, but what would you consider the minimum showing that would justify this sentence? What would Smart have had to do to warrant such a sentence in your view? His case, in my view, would look a lot closer to the several cases where this court has found compelling justifications. No, you're not answering my question. What would Smart have had to do to justify, in your view, the 12-year sentence? For example, just like Eason, have had 25 additional criminal history points that weren't reflected in this sentence. You're not answering my question. What would he have to do, acts, conduct, to justify this length of sentence in your view? I'm not interested in points. I'm interested in what you think someone has to do in order to earn that 12-year sentence. Does he have to kill somebody or what? If the court wants to focus on what Mr. Smart would have to do, even though the sentence doesn't have to be based on- Look, I asked you a question. You want to answer my question or you want to talk about something totally unrelated? If the focus is solely on what Mr. Smart would have to do- I asked you a straightforward question. I'd like a straightforward answer. What would he have to have done in the way of criminal conduct to warrant a 12-year sentence, in your view? Something more than mere possession- Like what? Something more is not an answer. What more? What acts? In addition to merely possessing a gun, using it, brandishing it- You are very unresponsive to my question. Harming someone with it. You do not answer my question. I see that I've reached the end of my- What would he have had to do? Using the gun to harm someone, possibly. You have to shoot someone? Brandishing the gun. Here, the police merely found Mr. Smart in possession of a gun, hiding under the car after having run from the police. So, in order to merit the additional 25 months, perhaps he would have had to use the gun or brandish it. He pistol-whipped somebody else, didn't he? That was merely an allegation and not something that the judge relied on in sentencing. There's nothing in the record to suggest that judge- Well, the judge doesn't have to say every single thing that he relied on, but it's in the record that he pistol-whipped somebody. This court does require the judge to reveal in the record what supported the judge's large upward variance. That's the requirement of this court in a number of cases. I see that I've reached the end of my time. Okay, well, thank you very much, Ms. Jackson. Ms. Hudson? May it please the court, Nathalina Hudson on behalf of the United States. The defendant waived any procedural objection that the district court failed to address unwarranted sentencing disparities in rendering its above-guideline sentence. Under Garcia-Segura and Dinelli, the defendant's argument on appeal was waived because after the district court imposed an above-guideline sentence, the defendant never asked the district court to address unwarranted sentencing disparities, even when asked specifically by the district court, are there any questions about the court's intended sentence? And that's in the record at page 34. The only thing the defendant asked the court to address in mitigation was his family's circumstances, and then the court went on to explain his sentence further. The district court did not commit procedural error in sentencing the defendant because it adequately considered the defendant's mitigation arguments. Under Castaldi, the district court did not make any procedural error by not failing to mention 3553A6 because this court can tell by the record from the district court's opinion that the district court gave meaningful consideration to the defendant's mitigating arguments, as well as considering the aggravating factors that outweighed the defendant's mitigating arguments. The district court considered the defendant's protracted criminal history, the likelihood of recidivism, the danger to the community, the fact that the defendant was in possession of a gun after serving time in prison for a gun offense, the defendant's failure to obey rules while in prison, the lack of rehabilitative behavior, the failure of the defendant to turn his life around. And it is clear from the record that any disparities that could potentially result from the defendant's above-guideline sentence are explained by the district court's individualized view of the defendant's history and characteristics and all the factors under 3553A. Additionally, the district court did not abuse its discretion by sentencing the defendant to an above-guideline sentence, again, because of the meaningful consideration the court gave to the 3553A factors. The district court also appropriately considered the defendant's juvenile history. It was not something that was driving the court's sentence, but the district court looked at the totality of the defendant's criminal history in fashioning an above-guideline sentence. Based upon the district court's meaningful consideration of the 3553A factors, the government asked that the defendant's sentence should be affirmed, that the district court's decision should be affirmed. Thank you, Ms. Hudson. Ms. Jackson, your time has expired, but if you'd like a little more time, you have it. Thank you, Judge. Just briefly to address the government's argument about waiver, we don't find a waiver here. Castaldi and Snyder from 2014 and 2011 are examples of why not. In both cases, neither party raised the argument about unwarranted sentencing disparities at the district court level. In both cases, the defendant raised that on appeal, as Mr. Smart has done here, and in both cases, this court considered the argument and did not find the argument waived or forfeited. In fact, in Castaldi, this circuit even said the issue did not arise in the sentencing hearing, perhaps because the court did not signal ahead of time that it might impose above-guideline sentence. So there's no waiver here, which is about intentionally relinquishing a known right. It requires forethought, a strategic decision. If anything, the government perhaps should have argued forfeiture, but we don't see that there's forfeiture here either because the cases the government is relying on, Garcia-Segur and its progeny, require the defendant, when the judge asks, are there any questions about my intended sentence, did I forget anything, they require the defendant to raise principle-mitigating arguments that the defendant did raise at sentencing. And 3553A6 was not an argument here that Mr. Smart raised. It was not an argument the government raised, just as in Castaldi and Snyder, and this court considered those arguments on appeal anyway. Okay, well thank you very much, Ms. Jackson. You're a defender, right? That's correct. We thank the Federal Defender's efforts on behalf of your client, and we thank Ms. Hudson as well.